UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

TARON PARKINSON, ET AL.,

                              Plaintiff,

-against-

NEW YORK CITY POLICE OFFICER KEVIN DESORMEAU, OFFICER SASHA CORDOBA, CITY OF NEW YORK, and other as-yet-unidentified officers of the New York Police Department,

                              Defendants.

------------------------------------------------------------------------ X

**ANSWER TO DEFENDANT KEVIN DESORMEAU'S CROSS-CLAIMS ON BEHALF OF DEFENDANT CITY OF NEW YORK**

**JURY TRIAL DEMANDED**

22-CV-851 (LDH) (LB)

      Defendant City of New York, by its attorney, Muriel Good-Trufant, Acting Corporation Counsel of the City of New York, as and for its Answer to the cross-claims asserted against it by defendant Kevin Desormeau in his Answer to the Amended Complaint (hereinafter "Desormeau's Answer"),[1] respectfully alleges, upon information and belief, as follows:

### "CROSS-CLAIM I (Against All Co-Defendants)"

      1.     Denies the allegations set forth in paragraph "30" of Desormeau's Answer, except admits that defendant Desormeau purports to seek the relief stated therein; to the extent the allegations in this paragraph contain conclusions of law, no response is required.

### "CROSS-CLAIM II (Against defendant CITY OF NEW YORK)"

      2.     Denies the allegations set forth in paragraph "31" of Desormeau's Answer, and respectfully refers the parties and the Court to Section 50-k(2) and Section 50-k(3) of the New York State General Municipal Law for a full and complete recitation of its contents.

---

[1] See Civil Docket Sheet, Entry No. 96.

Defendant City further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

3.      Denies the allegations set forth in paragraph "32" of Desormeau's Answer, and respectfully refers the parties and the Court to Section 50-k(2) and Section 50-k(3) of the New York State General Municipal Law for a full and complete recitation of its contents. Defendant City further states that, to the extent the allegations in this paragraph contain conclusions of law, no response is required.

### "CROSS-CLAIM III (Against defendant CITY OF NEW YORK)"

4.      Denies the allegations set forth in paragraph "33" of Desormeau's Answer, except admits that defendant Desormeau purports to seek the relief stated therein. Defendant City further respectfully refers the parties and the Court to Section 50-k(2) and Section 50-k(3) of the New York State General Municipal Law for a full and complete recitation of its contents.

### **AS AND FOR A FIRST AFFIRMATIVE DEFENSE**:

5.      Defendant Desormeau's cross-claims against defendant City of New York fail, in whole or in part, to state a claim upon which relief can be granted.

### **AS AND FOR A SECOND AFFIRMATIVE DEFENSE**:

6.      Any injury alleged to have been sustained resulted from defendant Desormeau's own culpable or negligent conduct and/or the intervening conduct of third parties and was not the proximate result of any act of defendant City of New York.

### **AS AND FOR A THIRD AFFIRMATIVE DEFENSE**:

7.      Defendant City has not violated any rights, privileges, or immunities under the Constitution of law of the United States or the State of New York or any political subdivision

thereof, nor has defendant City violated any acts of Congress providing for the protection of civil rights.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

8. Defendant Desormeau's cross-claims may be barred in whole or in part, for failure to comply with New York General Municipal Law § 50-e through § 50-k, *et. seq.*

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

9. Defendant Desormeau's cross-claims against defendant City are not ripe for adjudication.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

10. At all times relevant to the acts alleged in the answer, defendant City of New York, its agents and officials, acted reasonably and properly in the lawful exercise of their discretion and/or judgmental functions/decisions. Therefore, the City of New York is entitled to governmental immunity from liability on defendant Desormeau's cross-claims

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

11. Defendant Desormeau may not have acted in furtherance of his employment.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE:

12. Defendant Desormeau may have acted in violation of the rules and regulations of the New York City Police Department and the City of New York at the time of the incident giving rise to the instant case.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

13. Punitive damages cannot be assessed against the City of New York.

**WHEREFORE,** defendant City of New York requests judgment dismissing all cross-claims brought by defendant Kevin Desormeau against it, in their entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: September 30, 2024
      New York, New York

           MURIEL GOODE-TRUFANT
           Acting Corporation Counsel of the City of New York
           *Attorney for Defendant City of New York*
           100 Church Street
           New York, New York 10007
           Phone: (212) 356-3159

By:   */s/ Gregory J.O. Accarino*
      Gregory J.O. Accarino
      *Senior Counsel*
      Special Federal Litigation Division

cc:   **BY ECF**
     All Attorneys of Record