IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| PARKINSON, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | Case No. 22 C 00851 |
| | ) | |
| v. | ) | Judge LaShann DeArcy Hall |
| | ) | Magistrate Judge Lois Bloom |
| DESORMEAU, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF RULE 30(b)(6) DEPOSITION

**PLEASE TAKE NOTICE** that, pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs, TARON PARKINSON, MICHAEL SUBER, KEITH GARLIN, DAVON ARMSTRONG, AUBREY BROWN, VAUGH PAYNE, DENNIS SMITH, RAMONA JACQUEZ, and BARRY SEASE-BEY, through counsel, will take the deposition of a representative or representatives of the City of New York ("City") beginning at a to-be-agreed upon date via Zoom videoconference. The deposition will be recorded by stenography and video.

Pursuant to Rule 30(b)(6), the City shall designate one or more officers, directors, managing agents, or other persons to testify knowledgeably on its behalf regarding the topics set forth below. The City shall identify the matters about which each designated person will testify. At least 14 days before the deposition, the City shall produce all non-privileged documents on which the witness relied in preparation for the deposition; or, if the documents have already been produced in this litigation, identify those documents by Bates number.

## DEFINITIONS

Plaintiffs expressly incorporates all definitions and instructions included in Plaintiff Parkinson's First Set of Interrogatories, and Plaintiffs' Second Set of Request for Production to Defendant City of New York.

## DEPOSITION TOPICS

**Topic 1:** The City's written and unwritten policies, orders, memoranda, practices, customs, and training in effect from January 1, 2008 through January 1, 2020, relating to each of the following topics:

1. The use of search warrants. This includes documentation about the information used to apply for the search warrant, the procedure by which information used as the basis for obtaining the search warrant is verified, the process for obtaining a search warrant, the execution of search warrants for residences, and disclosure of the information used to form the basis of the search warrant to the prosecutor.

2. The use of Informants for search warrants. This includes documentation about the Informant's identity, benefits provided, Informant's criminal histories, Informant's history working with law enforcement agencies, the Informant's activity on a specific investigation, and information provided by the Informant; the conduct of reliability assessment for Informants; the conduct of reliability assessment for the case-specific information provided by the Informant; and disclosure of the use of Informant(s) and the Informant(s)' information to the prosecutor.

3. The conduct of traffic stops. This includes the criteria for initiating a traffic stop and evidence collection procedures for physical evidence found and obtained in the course of a traffic stop.

4. The conduct of investigations for trespassing on or in properties owned, controlled, supervised, funded, maintained, and/or operated by New York Housing Authority.

5. The prohibition on committing perjury or otherwise fabricating evidence.

6. The obligation to disclose exculpatory and/or impeachment evidence to the prosecutor.

**Topic 2:** The City's written and unwritten policies, orders, memoranda, practices, customs, and training in effect from January 1, 2008 through January 1, 2020, relating to the following topic: Investigation into allegations of misconduct against New York Police Department ("NYPD")

officers and/or detectives. This includes the identification of NYPD unit(s) and City agencies tasked with conducting investigations, the procedure by which information is conveyed to, from, and/or between the NYPD unit(s)/City agencies about the allegations of misconduct, disclosure to prosecutors about allegations, dispositions, and disciplinary findings for NYPD, categories for disciplinary findings, options for discipline, the NYPD unit(s)/City agencies charged with recommending disciplinary consequences for officers and/or detectives based on a finding of misconduct, and the NYPD unit(s)/City agencies charged with executing, supervising, and enforcing the discipline.

**Topic 3:** The City's investigation between January 1, 2008 through January 1, 2020 into allegations of misconduct against NYPD officers, including detectives, for:

- Failing to disclose exculpatory and/or impeachment evidence to the prosecutor;
- Fabricating evidence during an investigation; and/or
- Committing perjury or otherwise providing false testimony.

This includes information related to the type of investigation conduct, the disposition of the investigation, what information was conveyed to relevant policymaker, and any change in policy and/or training on the above-listed subjects.

Respectfully submitted,

*/s/* Megan Porter
*One of Plaintiffs' Attorneys*

Jon Loevy
Megan Porter
Renee Spence
Tara Thompson
LOEVY & LOEVY
311 North Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 243-5900
porter@loevy.com

## CERTIFICATE OF SERVICE

I, Megan Porter, an attorney, hereby certify that on May 15, 2024, I served the foregoing notice by electronic mail on all counsel of record for Defendants.

/s/ Megan Porter
*One of Plaintiffs' Attorneys*
