UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
TARON PARKINSON, MICHAEL SUBER,
KEITH GARLIN, DAVON ARMSTRONG,
AUDREY BROWN, VAUGHN PAYNE,
DENNIS SMITH, RAMONA JACQUEZ, and
BARRY SEASE-BEY,

                Plaintiffs,

  -against-

KEVIN DESORMEAU, SASHA CORDOBA,
and the CITY OF NEW YORK,

                Defendants.
-------------------------------------------------------------X

**ORDER**
**22 CV 851 (LDH)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiffs Taron Parkinson, Michael Suber, Keith Garlin, Davon Armstrong, Audrey Brown, Vaughn Payne, Dennis Smith, Ramona Jacquez, and Barry Sease-Bey seek an order compelling defendant the City of New York ("the City") to comply with certain discovery requests related to plaintiffs' municipal liability claims under Monell[1] pursuant to Fed. R. Civ. P. 37. Pls.' Mot. to Compel, ECF No. 117. The City seeks leave to file Exhibits 15 and 16 of plaintiffs' motion to compel under seal and to file Exhibit 5 publicly with redactions. ECF No. 121. Finally, the parties request to extend fact discovery. ECF No. 122. For the reasons set forth below, plaintiffs' motion is granted in part and denied in part, the City's motion is granted, and the parties' request to extend fact discovery is granted.

## BACKGROUND

The Court assumes familiarity with the procedural history of this case, which is recounted here in a limited manner to explain this decision. Plaintiffs filed this civil rights action under 42 U.S.C. § 1983 against defendant New York City Police Department ("NYPD") officers Kevin

---

[1] Monell v. Dep't of Soc. Servs. of City of New York, 436 U.S. 658 (1978).

Desormeau and Sasha Cordoba and the City on February 16, 2022. ECF No. 1. Plaintiffs allege that they were falsely charged with crimes they did not commit because the defendant officers committed perjury, conspired to frame them, fabricated evidence, and suppressed evidence of their own misconduct. Am. Compl., ECF No. 33-1, ¶¶ 115-16. Plaintiffs pled guilty to their charges, but their convictions were vacated in November 2021 after defendant officers' misconduct came to light. Id. ¶¶ 38, 42, 51, 60, 65, 71, 77, 84, 94, 120. The defendant officers were indicted in 2018 for fabricating evidence, framing innocent people, and committing perjury. Id. ¶ 5. Plaintiffs allege that the City is liable under Monell because it tolerated and condoned the defendant officers' conduct. Plaintiffs also allege that NYPD has a de facto policy of fabricating evidence. Id. ¶¶ 163.

Plaintiffs and the City have battled over discovery throughout this litigation. See, e.g., ECF Order dated June 21, 2024 (stating that despite the Court holding monthly status conferences since setting the discovery schedule in July 2023, the parties consistently "raise and dispute more issues in their status letters than they resolve"). Before plaintiffs' instant motion, plaintiffs moved to compel Monell discovery on May 24, 2024. ECF No. 86-1. The Court reserved decision on that motion but advised plaintiffs that portions of their requests were overbroad. The Court "directed the parties to meet and confer to try to reach an agreement on a narrower set of requests." ECF Order dated June 21, 2024. Plaintiffs later withdrew their motion to compel without prejudice. ECF Order dated August 7, 2024. Plaintiffs filed the instant motion to compel on October 10, 2024. ECF No. 117.

## DISCUSSION

### I. Plaintiffs' Motion to Compel

Plaintiffs seek to compel the City to produce documents related to third-party complaints against NYPD officers as well as two nonparties' cases involving alleged police misconduct, to comply with a Rule 30(b)(6) deposition notice, and to respond to certain interrogatories.

2

Rule 26 defines the scope of discovery:

Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Fed. R. Civ. P. 26(b)(1). Information "is relevant if: '(a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action.'" Vaigasi v. Solow Mgmt. Corp., No. 11-CV-5088 (RMB)(HBP), 2016 WL 616386, at *11 (S.D.N.Y. Feb. 16, 2016) (quoting Fed. R. Evid. 401). To determine whether discovery is proportional, courts consider the factors set forth in Rule 26(b)(1) above, recognizing that especially relevant discovery requests are less likely to be disproportionate. White v. Cnty. of Suffolk, No. 20-CV-1501 (JS)(JMW), 2022 WL 1154839, at *2 (E.D.N.Y. Apr. 19, 2022). Ultimately, a proportionality determination hinges on a "common sense and experiential assessment." Id. (citation omitted).

Courts are clear that "[d]isclosure should not be directed simply to permit a fishing expedition." In re U. S., 565 F.2d 19, 23 (2d Cir. 1977). The difference between a proper discovery request and "the proverbial fishing expedition is determined in large measure by the allegations of the pleading." 287 Franklin Ave. Residents' Ass'n v. Meisels, No. 11-CV-976 (KAM)(JO), 2012 WL 1899222, at *5 (E.D.N.Y. May 24, 2012) (quote omitted). Accordingly, a party seeking an order to compel must first "demonstrate at least the possibility of a nexus between the information sought and the claims or defenses of a party." T.H. by Shepherd v. City of Syracuse, No. 5:17-CV-1081 (GTS)(DEP), 2018 WL 3738945, at *2 (N.D.N.Y. Aug. 7, 2018). If the movant meets this "relatively low threshold," the burden shifts to the nonmoving party to show that the request is improper. Id. (citation omitted). Courts also restrict discovery if the information requested "is

3

unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i).

    **A. Third Party CCRB and IAB Complaints**

Plaintiffs seek to compel production of "documents related to complaints" made by third parties to the Civilian Complaint Review Board ("CCRB") and Internal Affairs Bureau ("IAB")[2] "regarding the use of confidential informants, pretextual traffic stops, fabricated or false evidence, and failure to disclose exculpatory or impeachment evidence." ECF No. 117 at 4.

Plaintiffs' motion is not a model of clarity regarding the scope of production it seeks. Plaintiffs' request for production initially sought "[a]ll documents relating to any allegation or Complaint" against NYPD officers from January 1, 2008 to January 1, 2020 concerning eight topics.[3] ECF No. 117-1. On April 25, 2024, plaintiffs narrowed their request, "[w]ithout waiving the right to request additional documents," to a spreadsheet listing certain information about those complaints. ECF No. 117-2 at 4. After plaintiffs withdrew their first motion to compel, plaintiffs proposed to narrow their request to four categories: (1) "improper use and/or conduct of confidential informants, including use of unregistered confidential informants, failure to document the use of a confidential informant, failure to disclose the use of or payment to a confidential informant"; (2) "pretextual traffic stops"; (3) "the use of fabricated or false evidence, or planting of evidence (a.k.a. 'flaking'), including fabricated reports, the unconstitutional use of search warrants,[4] false testimony, offering false instruments for filing, making punishable false written statements, and court perjury"; and (4) "the failure to disclose exculpatory or impeachment

---

[2] The CCRB and IAB are "independent oversight bodies that investigate citizen complaints of police misconduct in New York." ECF No. 117 at 4.

[3] Plaintiffs' Third Set of Requests for Production, Request No. 2 listed these categories as: "a. improper use of confidential informants in investigations; b. improper conduct of confidential informants in investigations; c. improper strip search conduct; d. use of falsified information in search warrants; e. improper conduct when initiating or during traffic stops; f. fabrication or falsification of evidence; g. falsified testimony; and/or h. failure to disclose exculpatory or impeachment evidence." ECF No. 117-1.

[4] The Court understands this term to mean the use of search warrants that rely on fabricated or false evidence.

4

evidence." ECF No. 117-3 at 2. Plaintiffs also offered to narrow their request to claims regarding officers assigned to Queens, "subject to a stipulation that Defendants will not argue that the sample is insufficient because the data is restricted to" Queens. Id. However, plaintiffs seemed to withdraw their proposal to receive a simplified spreadsheet, instead seeking the complaints, "the attendant proceedings, communications, and dispositions." ECF No. 117-3 at 2. Plaintiffs' instant motion seeks an order compelling production of "the full information Plaintiffs sought." ECF 117 at 5.

The Court interprets plaintiffs' motion as seeking complaints to the CCRB and IAB regarding officers assigned to Queens for the four categories listed in the paragraph above.[5] Although the City rejected plaintiffs' proposed stipulation limiting their request to complaints from Queens, plaintiffs now state that they are "seeking complaints only from Queens." Id. at 6. Furthermore, while plaintiffs' motion appears at times to only seek limited information about these complaints,[6] the Court construes the motion as seeking the complaints, attendant proceedings, communications, and dispositions. See ECF No. 117-3 at 2.

The City argues first that plaintiffs' Monell discovery requests "are purely a fishing expedition" because their Monell claims are insufficiently pled. Def.'s Opp'n, ECF No. 117-14 at 4. The City states that plaintiffs' requests are therefore vague, unduly burdensome, and overbroad. The City has also previously argued that only complaints that it referred to the Department Advocate for investigation are relevant and discoverable. ECF No. 117-4 at 56-57. The Court addresses these arguments in turn.

---

[5] The only subject in plaintiffs' initial eight categories not covered by plaintiffs' "narrowed" four categories is "improper strip search conduct." Plaintiffs' instant motion makes no reference to strip searches.

[6] For example, plaintiffs state that they intend to seek "more detailed information" about the complaints after they examine "the complete universe of complaints." ECF No. 117 at 6-7. Plaintiffs and the City also argue about the sufficiency of the spreadsheet of Department Advocate cases. See ECF Nos. 117-14 at 7, 117-15 at 8. This Order does not address these arguments because plaintiffs' motion does not seek further information for cases on the Department Advocate spreadsheet.

5

      i.      <u>Plaintiffs Are Entitled to Discovery to Support Their Monell Claims</u>

As an initial matter, whether plaintiffs' <u>Monell</u> claims "are legally cognizable is not before the Court at this time." <u>Walker v. Suffolk Cnty. Police Dep't</u>, No. 08-CV-959 (JG)(AKT), 2011 WL 13127986, at *2 (E.D.N.Y. May 11, 2011); <u>see also</u> <u>Martinez v. New York Police Dep't</u>, No. 19-CV-9885 (AJN), 2021 WL 4206944, at *2 (S.D.N.Y. Aug. 9, 2021) (rejecting City's argument that motion to compel should be denied "because Martinez's claims for municipal liability are doomed to fail," holding that plaintiff is "entitled to discovery of relevant evidence in support of those claims unless and until they are dismissed").

Moreover, plaintiffs seek information that is "relevant to [plaintiffs'] claims as pled." <u>Walker</u>, 2011 WL 13127986, at *2. Plaintiffs allege that the City and the NYPD had a de facto policy of allowing "widespread practices" of "fabricat[ing] false evidence," "pursu[ing] wrongful convictions through profoundly flawed investigations, and otherwise violat[ing] due process" in similar ways to how plaintiffs were treated. ECF No. 33-1, ¶¶ 161, 163. Plaintiffs also allege that the City failed to remedy these "patterns of abuse . . . despite actual knowledge of the pattern of misconduct." <u>Id.</u> ¶ 106. In support of these allegations, plaintiffs allege that hundreds of cases involving fabrication of evidence or suppression of exculpatory evidence have come to light and specifically describe six such cases. <u>Id.</u> ¶¶ 97-103.

To substantiate their <u>Monell</u> claim, plaintiffs may provide "proof of repeated complaints of civil rights violations." <u>Vann v. City of New York</u>, 72 F.3d 1040, 1049 (2d Cir. 1995). They must, however, show a factual nexus between those complaints and plaintiffs' cases. <u>See</u> <u>Crespo v. Franco</u>, No. 22-CV-7345 (PKC), 2024 WL 4188356, at *13 (S.D.N.Y. Sept. 13, 2024) (citing <u>Connick v. Thompson</u>, 563 U.S. 51, 63 (2011)).

Accordingly, plaintiffs are "entitled to probe whether [defendant] failed to seriously investigate claims of a similar nature that had some validity to them." <u>T.H. by Shepherd</u>, 2018 WL

6

3738945 at *6; see also Cooks v. Town of Southampton, No. 13-CV-3460 (LDW)(AKT), 2015 WL 1476672 (E.D.N.Y. Mar. 31, 2015) (granting motion to compel internal investigation files related to police unit that arrested plaintiff who later pleaded guilty to criminal possession, whose conviction was dismissed for prosecution's failure to disclose impeachment material). In Cooks, the Court found the internal investigation files relevant to plaintiff's Monell allegations that the municipal defendant condoned and ignored "a pattern of law enforcement improprieties" and failed to properly train and supervise officers. Id. at *1, *8.

    ii.    Plaintiffs Seek Relevant Complaints

Plaintiffs' request is relevant and proportional insofar as it seeks categories of third-party complaints that are "tailored to the claims being asserted in this case." White, 2022 WL 1154839, at *2 (granting motion to compel Internal Affairs records for non-defendant officers for eleven categories of complaints). Substantiated and unsubstantiated complaints alike are relevant to plaintiffs' Monell claim. White, 2022 WL 1154839 at *4 n.3.[7] Accordingly, the Court considers the relevance and proportionality of each category in turn.

Complaints related to fabricated or false evidence and failure to disclose exculpatory or impeachment evidence are clearly related to plaintiffs' claims. See, e.g., ECF No. 33-1, ¶¶ 115-16. The "confidential informants" category is also tailored to plaintiffs' complaints. The amended complaint does not refer explicitly to the improper use of confidential informants; the closest allegations are that the individual defendants "presented [] false evidence to the prosecutor" in

---

[7] In Pacheco v. City of New York, 234 F.R.D. 53 (E.D.N.Y. 2006), the court held that where plaintiff's Monell claim "rests on an allegation that the City ignored evidence that the individual defendants had a propensity to make false arrests and use excessive force . . . unsubstantiated instances of misconduct *unrelated to false arrest or excessive force*" are irrelevant. Id. at 55 (emphasis added). The court then stated in dicta that "it is doubtful whether unsubstantiated instances of any kind of misconduct can ever be used to prove a Monell claim." Id. However, the court in Harper v. Port Auth. of New York & New Jersey, No. 05-CV-5534 (BSJ)(RLE), 2006 WL 1910604 (S.D.N.Y. July 10, 2006), disagreed, stating that Pacheco does not "stand for the proposition that unsubstantiated complaint records are protected from disclosure." Id. at *2. Accordingly, this Court follows Harper and the more recent reasoning in White to find that unsubstantiated complaints should be produced here.

7

some cases, id. ¶¶ 47, 56, 63, 90, and were "the search warrant's affiant" in other cases. Id. ¶¶ 66, 72, 78. However, plaintiffs' initial motion to compel contains more detail about these allegations, stating that in plaintiff Dennis Smith's case, the officer defendants obtained a search warrant based on fabricated or false statements by a confidential informant. ECF No. 86-1 at 15; see also ECF No. 86-6 at 2 (the search warrant in question).[8] Accordingly, this category seeks relevant information. The City has not shown that this category is overbroad: they state only that 49 CCRB complaints from 2008 to 2020 refer to confidential informants. ECF No. 117-14 at 6. The City also expresses confusion as to the relevance of such complaints, stating that "[i]t is lawful for the NYPD to use confidential informants." Id. at 5. The City shall refer to plaintiffs' letter at ECF No. 117-3 for the complete definition of this category, which clarifies that plaintiffs "seek citizen complaints that allege NYPD officers *improperly* used [confidential informants] . . . just as Cordoba and Desormeau did in Plaintiffs' cases." ECF No. 117-15 at 4.

However, the "pretextual traffic stops" category is overbroad. While four plaintiffs' arrests involved searches of their automobiles, the category of "pretextual traffic stops" includes far too many complaints unrelated to plaintiffs' cases. Indeed, the City states that from 2008 to 2020, there were 1,313 CCRB complaints related to vehicle stops or searches in Queens. ECF No. 117-14 at 5. Accordingly, while this request meets the standard for relevance, see Condit v. Dunne, 225 F.R.D. 100, 105-106 (S.D.N.Y. 2004), it is unduly burdensome.

    iii.    <u>Plaintiffs May Seek Complaints from After Their Arrests</u>

Plaintiffs' timeframe, seeking complaints from January 1, 2008 to January 1, 2020, is also problematic. Plaintiffs' arrests occurred between 2013 and 2015. ECF No. 117 at 1. Complaints dating back to 2008 are discoverable because a five-year "lookback period" is standard for this

---

[8] The Court takes judicial notice of this publicly available prior filing. Cf. United States v. Rowe, No. 2:19-CV-5770 (WFK)(VMS), 2024 WL 4121873, at *2 (E.D.N.Y. Aug. 13, 2024) (taking judicial notice of filings on appellate docket to resolve motion to compel).

kind of Monell discovery. White, 2022 WL 1154839 at *3 (collecting cases). The City does not contest this, but argues that complaints after 2015 are irrelevant because they occurred after plaintiffs' arrests. ECF No. 117-14 at 5. Given that plaintiffs allege "an actual, albeit informal, policy" as a basis for their Monell claim, "[s]ubsequent or contemporaneous conduct can be circumstantial evidence of the existence of preceding municipal policy or custom." Chepilko v. City of New York, No. 06-CV-5491 (ARR)(LB), 2012 WL 398700, at *15 & n.11 (E.D.N.Y. Feb. 6, 2012) (distinguishing Connick, 563 U.S. 51, which concerned only "failure to train" allegations).[9] The question is thus one of proportionality, which requires a case-by-case analysis. Considering the factors set forth in Rule 26, the Court finds that discovery of complaints through the end of 2018 is proportional to the needs of the case.[10]

    iv.    Complete Complaint Files Are Discoverable

The nature of investigations into complaints may reflect deliberate indifference or a de facto policy of allowing misconduct. Accordingly, "the entirety of the [case] file is discoverable." Black Love Resists In the Rust by & through Soto v. City of Buffalo, N.Y., 334 F.R.D. 23, 34 (W.D.N.Y. 2019); see also White, 2022 WL 1154839 at *4 (granting motion to compel production of Internal Affairs files); cf. Young v. City of New York, No. 10-CV-1701 (RMB)(THK), 2010 WL 3938372, at *1 (S.D.N.Y. Oct. 7, 2010) (collecting cases and finding it "commonplace" for courts to compel production of CCRB and IAB files relating to "allegations of similar conduct" of defendant officers).

The City argues that it will be burdensome to redact files "due to sealing and C.P.L. 160.50 concerns." ECF No. 117-14 at 6. However, redaction is unnecessary in many cases: "criminal

---

[9] Conversely, where a Monell claim is predicated only on the municipal defendant's notice of misconduct, conduct postdating plaintiffs' cases is not relevant. See, e.g., Chillemi v. Town of Southampton, No. 12-3370 ADS AKT, 2015 WL 1781496, at *4, *8 (E.D.N.Y. Apr. 20, 2015).

[10] Defendants Cordoba and Desormeau were indicted in 2018, so complaints after this time are less likely to be probative of policies that existed before Cordoba and Desormeau's misconduct came to light.

9

defendants who lodge complaints against police officials have voluntarily placed their arrests in issue, and seek to vindicate an interest that goes beyond their acquittal of criminal charges, notwithstanding the sacrifice of their privacy rights." Young, 2010 WL 3938372 at *2 (noting that while redacting names is improper, it may be "reasonable to redact highly personal information in a file"). Furthermore, the parties' protective order can address these confidentiality concerns. See ECF No. 51.

     v.     The City's Remaining Claims of Undue Burden Are Unpersuasive

The City claims that plaintiffs' request is unduly burdensome because "IAB files prior to 2013 are not kept in the current electronic system" and "[t]o the extent any of those files were previously computerized, that system has been archived and is no longer easy to access or search." ECF No. 117-14 at 6. While this may make compliance with plaintiffs' discovery requests more difficult, "the burden that results from disorganized record-keeping does not excuse a party from producing relevant documents." Black Love Resists In the Rust by & through Soto, 334 F.R.D. at 34 (citation omitted) (finding burden of producing 168 case files "hardly insurmountable" where the files were stored in multiple locations).

Accordingly, the City shall produce records of CCRB and IAB complaints from January 1, 2008 to January 1, 2019 against officers assigned to Queens in the four categories described in ECF No. 117-3 at 2, except for the category regarding pretextual traffic stops. The City shall produce these complaints along with their "attendant proceedings, communications, and dispositions." ECF No. 117-3 at 2. The parties shall confer in good faith regarding search terms and methods for complying with this Order.[11]

---

[11] Plaintiffs suggest multiple potential solutions to the City's logistical difficulties of searching for pre-2013 IAB complaints. ECF No. 117-15 at 7. The parties shall confer in good faith regarding these suggestions.

### B. Documents Pertaining to Nonparties Dejuan Battle and Lyla Smith

Plaintiffs seek documents related to nonparty Dejuan Battle and Lyla Smith's cases described in plaintiffs' amended complaints. ECF No. 33-1, ¶¶ 102-03. Plaintiffs argue that these cases are relevant because they are factually similar to plaintiffs' arrests and thus support their Monell claims. ECF No. 117 at 7. The Court agrees that Battle and Smith's cases are relevant. Plaintiffs allege that, like plaintiffs, Battle and Smith were subject to arrest based on false allegations of drug and weapon possession. ECF No. 33-1, ¶¶ 102-03. The City contends that these cases are distinguishable because Battle and Smith were not arrested by defendants Cordoba or Desormeau, and Battle and Smith's cases ended in different ways from plaintiffs'.[12] ECF No. 117-14 at 8. However, plaintiffs allege that the NYPD had "a widespread practice" of falsifying evidence and making false statements, so the fact that different officers were involved in Battle and Smith's cases would support plaintiffs' Monell claim. Furthermore, Plaintiffs' Monell allegations focus primarily on the NYPD's practices in arresting individuals and gathering evidence, not on how cases were later terminated. The City's arguments therefore miss the mark.

Nevertheless, plaintiffs fail to show that their request is not duplicative of information available from another source. See Fed. R. Civ. P. 26(b)(2)(C)(i). Plaintiffs state that "[i]information about those cases may shine a light on Plaintiffs' allegations that policymakers had notice of misconduct" similar to that alleged in plaintiffs' arrests. ECF No. 117 at 8. This does not explain what plaintiffs believe they will obtain through discovery of the Battle and Smith cases that is not already available in public court filings. Accordingly, this portion of plaintiffs' motion to compel is denied without prejudice.

---

[12] While plaintiffs pled guilty, Battle's conviction was overturned on appeal and charges against Smith were dropped.

### C. 30(b)(6) Witness for City Policies and Investigations

Plaintiffs seek to compel the City to designate a Rule 30(b)(6) witness to testify on three areas of City policy. ECF No. 117 at 10. Each topic concerns "[t]he City's written and unwritten policies, orders, memoranda, practices, customs, and training in effect from January 1, 2008 through January 1, 2020" relating to particular subjects. ECF Nos. 117-12, 117-13. Topic 1 covers "[t]he use of search warrants," "[t]he use of informants for search warrants," "conduct of traffic stops," conduct for investigations for trespassing on New York Housing Authority properties, "[t]he prohibition on committing perjury or otherwise fabricating evidence," and "the obligation to disclose exculpatory and/or impeachment evidence to the prosecutor." ECF No. 117-12 at 2. Topic 2 covers procedures for investigating allegations of misconduct against NYPD officers or detectives relating to "[f]ailing to disclose exculpatory and/or impeachment evidence to the prosecutor; [f]abricating evidence during an investigation; [c]ommitting perjury or otherwise proving (sic) false testimony; and/or [m]isuse of a confidential informant[]." ECF No. 117-13.[13] Topic 3 covers the City's investigations "between January 1, 2008 through January 1, 2020 into allegations of misconduct against NYPD officers . . . for [f]ailing to disclose exculpatory and/or impeachment evidence to the prosecutor; [f]abricating evidence during an investigation; and/or [c]ommitting perjury or otherwise providing false testimony." ECF No. 117-12 at 3. The City objects that the 30(b)(6) notice is "vague, ambiguous, not properly limited in time or scope, and overbroad," and unduly burdensome because it would require the City to designate multiple individuals. The City also argues that the 30(b)(6) notice seeks information that can be obtained through discovery of written policies. ECF 117-14 at 9-11.

---

[13] Plaintiffs narrowed Topic 2 after the City objected to policy areas listed in their Rule 30(b)(6) notice as overbroad. ECF No. 117 at 10.

Rule 30(b)(6) notices are subject to the same Rule 26 limitations as other forms of discovery: they must be proportional to the needs of the case and not unduly burdensome or duplicative. N. Shore Window & Door, Inc. v. Andersen Corp., No. 19-CV-6194 (ENV)(LGD), 2022 WL 16788807, at *1 (E.D.N.Y. Sept. 14, 2022). However, "[g]eneral and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." Melendez v. Greiner, No. 01-CV-7888 (SAS)(DF), 2003 WL 22434101, at *1 (S.D.N.Y. Oct. 23, 2003). Topics in a 30(b)(6) notice must be described with "reasonable particularity." N. Shore Window & Door, Inc., 2022 WL 16788807, at *1. In determining whether this requirement is met, courts consider "(1) the nature of the topics; (2) whether the descriptions of the topics include examples of questions and clarifying information such as references to specific named policies, documents, incidents, and the like; and (3) whether a reasonable person reading the notice would understand how to prepare for the deposition." Winfield v. City of New York, No. 15-CV-5236 (LTS)(KHP), 2018 WL 840085, at *6 (S.D.N.Y. Feb. 12, 2018).

The Court may also strike Rule 30(b)(6) topics covering information that could be obtained more easily through another form of discovery. Beverley v. New York City Health & Hosps. Corp., No. 18-CV-8486 (ER), 2024 WL 2125402, at *8 (S.D.N.Y. May 13, 2024). For example, "[a] Rule 30(b)(6) witness should not be required to memorize large amounts of data or facts" that could be produced as written discovery. BlackRock Balanced Cap. Portfolio (FI) v. Deutsche Bank Nat'l Tr. Co., No. 14-CV-9367 (JMF)(SN), 2017 WL 11810956, at *1 (S.D.N.Y. Oct. 12, 2017). However, "[a] party should not be prevented from questioning a live . . . witness in a deposition setting just because the topics proposed are similar to those contained in documents provided or interrogatory questions answered." Dongguk Univ. v. Yale Univ., 270 F.R.D. 70, 74 (D. Conn. 2010).

13

First, plaintiffs' notice is overbroad in its timeframe. To prevail on their Monell claims, plaintiffs must show that a municipal policy or custom caused a deprivation of some constitutional right. Agosto v. New York City Dep't of Educ., 982 F.3d 86, 97 (2d Cir. 2020). As such, only policies that were in effect when plaintiffs' arrests took place are relevant.[14] The Court therefore limits Topics 1 and 2 to policies effective between 2013 and 2015. Otherwise, Topics 1 and 2 seek information related to allegations in plaintiffs' amended complaint. See generally ECF No. 33; see Bishop v. Cnty. of Suffolk, 248 F. Supp. 3d 381, 394 (E.D.N.Y. 2017) ("Because Plaintiff alleges an improper traffic stop, Plaintiff is entitled to information regarding the SCPD's procedures in connection with that type of stop."). These topics are not duplicative of policy documents the City has produced. See Dongguk Univ., 270 F.R.D. at 77-78 (allowing defendant to question 30(b)(6) witness about plaintiff's compliance with policies that plaintiff had previously produced).

However, Topic 3 is not described with reasonable particularity. The City would be "unable to reasonably prepare any individual, or individuals" for a deposition regarding an unknown number of investigations over the course of several years.[15] ECF No. 117-14 at 11. As in Beverley, this topic would require a deponent to "memoriz[e] an unrealistic amount of information" pertaining to particular investigations. 2024 WL 2125402 at *8. This information "is better sought through a form of written discovery." Id. Plaintiffs may narrow this topic by identifying specific investigations they seek to address in a deposition.

Accordingly, this portion of plaintiffs' motion to compel is granted for Topics 1 and 2 for policies effective between 2013 and 2015 and is denied without prejudice as to Topic 3.

---

[14] By contrast, third-party complaints for years before and after plaintiffs' arrests are discoverable as circumstantial evidence of the City's policies at the time of plaintiffs' arrests. See supra Part I.A.iii.
[15] If this topic were described with particularity, the Court would permit inquiry into investigations from 2008 through 2018 for the reasons discussed above in Part I.A.iii (granting motion to compel certain third-party complaints from 2008 through 2018).

### D. Responses to Interrogatories

Finally, plaintiffs seek to compel responses to two interrogatories. ECF No. 117 at 8-10. The City states in response that they will provide responses to those interrogatories. ECF No. 117-14 at 8-9.[16] The City shall provide sworn responses to the two interrogatories. The parties are admonished that they must confer in good faith regarding discovery disputes prior to seeking future Court intervention, as this dispute clearly could have been resolved without a motion to compel. Fed. R. Civ. P. 37(a)(1); Local Civil Rule 26.4.

### II. Motion to File Under Seal

The City seeks leave to file Exhibits 15 and 16 of plaintiffs' motion to compel under seal, and to file Exhibit 5 of plaintiffs' motion publicly with redactions. ECF No. 121.[17] The request is granted. These exhibits are entitled to the presumption of public access that attaches to judicial documents. See Lugosch v. Pyramid Co. of Onondaga, 435 F.3d 110, 118-20 (2d Cir. 2006). However, this presumption is "somewhat lower" for documents related to a discovery dispute than for documents related to a dispositive motion. Brown v. Maxwell, 929 F.3d 41, 50 (2d Cir. 2019). The City has shown "specific and substantial reasons for sealing" Exhibits 15 and 16. Id.; see also S.E.C. v. TheStreet.Com, 273 F.3d 222, 232 (2d Cir. 2001) (recognizing "danger of impairing law enforcement" as a consideration in favor of sealing). These Non-Public NYPD Patrol Guide Entries "deal with sensitive law enforcement topics and tactics" regarding confidential informants and search warrant applications, and publicly releasing these documents "could potentially . . . jeopardize current search warrant investigations." ECF No. 121 at 3. The City also seeks to redact the case numbers in Exhibit 5, a spreadsheet listing certain cases from the NYPD's Disciplinary

---

[16] The City argues that plaintiffs' interrogatory seeking information about policymakers is overbroad but states that "the final policy maker was the police commissioner during each of the requested periods." ECF No. 117-14 at 8-9. Plaintiffs' reply accepts this as responsive to their interrogatory. ECF No. 117-15 at 10-11.

[17] The City filed this motion after the Court denied plaintiffs' motion to file these exhibits under seal. ECF Order dated October 15, 2024. Plaintiffs' motion stated only that "the City does not wish these documents to be filed on the public docket" and did not justify this position. ECF No. 116.

Administrative Database System, stating that "this information is sensitive as it implicates the City's internal procedures for disciplining its employees." Id. The City's proposed redaction is necessary to protect its privacy interest and narrowly tailored to do so. See Lugosch, 435 F.3d at 124.

Accordingly, ECF Nos. 116-2, 116-3, 121-2 and 121-3, which contain copies of Exhibits 15 and 16, shall remain sealed. ECF No. 116-1, which contains an unredacted copy of Exhibit 5, shall also remain sealed. The Clerk of Court is respectfully directed to unseal ECF No. 121-1, which contains the redacted copy of Exhibit 5. The Clerk of Court shall also unseal the main documents at ECF Nos. 116 and 121, which contain plaintiffs' and the City's motions to file these documents under seal.

### III.   Motion to Extend Fact Discovery

Finally, the parties jointly request to extend fact discovery. ECF No. 122. The Court finds good cause to do so, in light of its decision on plaintiffs' motion to compel and the parties' other outstanding discovery. Fed. R. Civ. P. 16(b)(4). The Court shall hold a status conference in this matter on December 17, 2024 at 11:30 a.m. in Courtroom 11A South of the United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York. Parties are advised that they must contact each other before making any request for an adjournment to the Court. Any request for an adjournment must be electronically filed with the Court at least seventy-two (72) hours before the scheduled conference. The deadline to complete fact discovery shall be reset at the status conference.

### CONCLUSION

Plaintiffs' motion to compel is granted in part and denied in part as set forth above. The City shall comply with this Order by January 21, 2025, except that the City shall provide sworn responses to the interrogatories discussed in Part I.D by December 18, 2024. The City's motion to

16

file certain documents under seal is granted. The parties' request to extend the deadline to complete fact discovery is granted.

SO ORDERED.

                                                    /S/
                                  LOIS BLOOM
                                  United States Magistrate Judge

Dated: December 4, 2024
        Brooklyn, New York